LIZZIE B. FREESE *vs.* FRED O. SPAULDING, administrator.

Essex.   December 4, 1925. — March 11, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Contract,* What constitutes, Consideration.   *Frauds, Statute of.   Executor and Administrator.   Limitations, Statute of.   Evidence,* Competency, Materiality.

In 1911, a few months before the expiration of the time for bringing actions against an executrix of a will for payment of a debt for money lent to the testator in 1898, partial payments of which had been made until 1904, she promised to pay the balance of the loan to the widow, executrix and sole beneficiary under the will of the creditor, in consideration of an agreement to forbear to sue her as executrix, and within six years. thereafter the widow of the creditor wrote out a document, headed by the name of the debtor, dated January 20, 1917, and reading in substance, "Received from . . . [the creditor, the amount of the debt] In the year 1898 — which I have promised to pay to his wife . . . within Six months from date from the . . . [debtor's] Estate."   There being no room to sign this at the bottom of the paper, the executrix of the debtor affixed her signature as an individual at the top.   At the trial of an action by the widow of the creditor, as an individual, upon the promise of the executrix of the will of the debtor, as an individual, to pay the debt in consideration of the plaintiff's forbearance to sue, the judge in substance instructed the jury that the plaintiff's right of recovery, if any, was upon the promise in 1911, kept alive by the writing of 1917.   There was a verdict for the plaintiff, and the defendant alleged exceptions.   The judge's charge was not reported in full and it did not appear that any instructions were sought or were given as to the words in the writing of 1917, "from the . . . [debtor's] Estate."   *Held,* that
   (1) It could have been found that the debtor's executrix, by her signature as an individual at the top of the writing of 1917, intended to make the statement and promise her own as an individual;
   (2) In view of the instructions given, there was no error in refusing to rule that, if the agreement of 1917 was a promise by the debtor's executrix to pay a debt of the estate of her husband, it was not a promise by the executrix to pay out of her personal estate and did not bind the defendant.
At the trial above described, a witness testified to a conversation with the debtor's executrix in which she had said in substance that she was going to pay the plaintiff.   The judge excluded a letter of the witness, offered by the defendant for the purpose of showing what the witness thought of the mental condition of the debtor's executrix at or about

the time of that conversation. *Held,* that the exclusion was proper, the witness's opinion expressed in the letter not being competent or material.

CONTRACT, upon a promise by the defendant's intestate to pay the plaintiff a debt of $10,000 formerly owed by the intestate's husband, Henry F. Hildreth, deceased, to Francis J. Freese, the husband of the plaintiff, under whose will the plaintiff was executrix and sole beneficiary, which promise was alleged to have been made in consideration of a forbearance by the plaintiff to sue the defendant's intestate as executrix of the will of Henry F. Hildreth. Writ dated December 11, 1923.

In the Superior Court, the action was tried before *Broadhurst,* J. Material evidence and exceptions by the defendant are described in the opinion. There was a verdict for the plaintiff in the sum of $13,825.35. The defendant alleged exceptions.

*J. D. Donovan,* for the defendant.

*F. N. Chandler,* for the plaintiff.

SANDERSON, J. The plaintiff was executrix and sole beneficiary under the will of her husband, Francis J. Freese, who died May 7, 1904. The defendant is administrator of the estate of his wife, Annie Frances Hildreth Spaulding, whose first husband, Henry F. Hildreth, died testate in March, 1909, leaving his wife as sole beneficiary under his will. She was appointed executrix of that will April 29, 1909. The plaintiff and the defendant's intestate were sisters.

The jury could have found that the plaintiff's husband in 1898 lent $10,000 to Henry F. Hildreth, who paid $200 on account of the loan in September, 1903, and in June, 1904, paid the plaintiff $100 on the same account. No action to recover the debt was brought against the executrix of the will of Henry F. Hildreth within two years from the date of her giving bond, and the time for bringing action was not extended by the Probate Court. There was evidence to support a finding that, a few months before the expiration of the time for bringing actions against the executrix, she promised to pay the amount of this loan in consideration of the plaintiff's agreement to forbear to sue her as executrix.

On January 20, 1917, the defendant's intestate placed her signature at the top of a statement in the following form: "Lawrence, Jan. 20 — 1917 — Henry F. Hildreth — Received from Francis J. Freese $10,000 dollars Ten thousand dollars — In the year 1898 — which I have promised to pay to his wife Lizzie B. Freese within Six months from date from the Hildreth Estate." The whole of this instrument excepting the signature was in the handwriting of the plaintiff, and there was evidence that the signature of Mrs. Spaulding was at the top of the paper because there was no room to place it under the other writing thereon. It could have been found that by thus signing her name she intended to make the statement and promise her own.

The declaration alleges that the defendant's intestate in November, 1918, paid $500 on account of this loan, and the plaintiff seeks to recover $9,500 as principal with interest on $10,000 from April 29, 1911, to November 23, 1918, and on $9,500 from November 23, 1918, to December 11, 1923, the date of the writ. The declaration further alleges that the defendant's intestate agreed to pay plaintiff $10,000 in consideration of the plaintiff's forbearance to sue the estate of Henry F. Hildreth. The defendant excepted to the refusal of the trial judge to rule that, if the jury found the alleged agreement of January 20, 1917, by the defendant's intestate to pay the sum of $10,000 was a promise by the defendant's intestate to pay a debt of the estate of Henry F. Hildreth, it was not a promise by the executrix to pay out of her personal estate, and does not bind the defendant.

The jury were instructed that the defendant's intestate could not extend the time for which her husband's estate would be liable to an action for a debt against it owed by him; that that time expired on April 28, 1911; that she could within that time, however, undertake by an original obligation of her own to pay a sum of money equivalent to a debt owed by her husband and to the same person to whom he owed it. They further were instructed that the written promise of January 20, 1917, assumes as a consideration to support it that Mrs. Freese in 1911 did forego suit on a valid

existing cause of action relying upon a promise of her sister to pay the debt or a sum equivalent to the debt; that the action was founded on an agreement in 1911 as an original independent promise and the judge left it to the jury to decide whether such an agreement was made. They were instructed further that the instrument declared on, being dated January 20, 1917, bore a date within six years from the time when the alleged promise of Mrs. Hildreth was made, March or April, 1911; that this action was founded upon that agreement as an original independent promise; that it must be supported by a consideration to be binding, and the question whether there was consideration or not depended upon the jury's answer to the question: "Did Mrs. Hildreth, back in 1911, promise to pay the debt in consideration of Mrs. Freese's forbearance to sue on it at that time?" Under the charge the plaintiff was permitted to recover only in case the jury should find as the foundation of her case that the defendant's intestate had bound herself personally to pay the debt in 1911 and made a written promise to pay it in 1917. The judge having submitted the case to the jury under instructions which fairly excluded any right of recovery on the theory that the writing dated January 20, 1917, was a promise by an executrix to pay the debt of the estate of Henry F. Hildreth, was not called upon to give the ruling requested. It does not appear that the defendant made any request requiring the judge to rule as to the significance of the words "from the Hildreth Estate" in the promise of 1917, in case the jury should find that the promise was a renewal by the defendant of her own personal obligation. The charge is not reported in full and no exception was saved to what the judge said or failed to say on this phase of the case.

A witness, called by the plaintiff, testified to a conversation with Mrs. Spaulding in 1921, in which Mrs. Spaulding had said in substance that she was going to pay Mrs. Freese. The defendant then offered a letter written by this witness shortly after this conversation, for the purpose of showing what the witness thought of the mental condition of Mrs. Spaulding at or about the time of the conversation to which the witness had testified. This letter was properly excluded.

The opinion of the witness in regard to mental condition was incompetent and immaterial.

All exceptions argued have been considered and no reversible error is disclosed.

*Exceptions overruled.*